ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 7 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **LESLIE KRUEGER-SOUCINEK,**<br>**individually and as biological**<br>**mother and personal Representative**<br>**of the Estate of JOSHUA THOMAS**<br>**KRUEGER** | Civil Action No. _____<br><br>**1:06 CV-0637**<br>**GET** |
| **Plaintiff,** | |
| **vs.** | |
| **AT&T CORP.** | |
| **Defendant.** | |

## DEFENSIVE PLEADINGS
## OF DEFENDANT AT&T CORP.

The Defendant, AT&T CORP (hereinafter "AT&T"), by and through its undersigned counsel of record, sets forth the following defenses and responds to the averments of the Complaint as follows:

### FIRST DEFENSE

Some or all of Plaintiff's claims against AT&T are barred by the workers compensation laws of the State of Georgia.

## SECOND DEFENSE

Plaintiff's decedent assumed the risk of injury and therefore Plaintiff cannot recover from this Defendant.

## THIRD DEFENSE

Plaintiff's decedent was not in the exercise of ordinary care for his own safety at the time of the occurrence and, that by the exercise of ordinary care, Plaintiff's decedent could have avoided injury and damages that are alleged in the Complaint. Accordingly, Plaintiff is not entitled to any recovery against this AT&T.

## FOURTH DEFENSE

The Complaint fails to state a claim against AT&T upon which relief can be granted.

## FIFTH DEFENSE

AT&T shows that the sole proximate cause of the occurrence which forms the basis of the Complaint was the action or actions of a person or persons other than it or any of its employees, agents or representatives and, therefore, AT&T is not indebted to Plaintiff in any amount whatsoever.

## SIXTH DEFENSE

AT&T denies that it or any of its employees, agents or representatives was negligent as alleged by Plaintiff, or in any manner whatsoever, and denies that it is indebted to Plaintiff in any amount whatsoever.

## SEVENTH DEFENSE

AT&T shows that it did not have superior knowledge of any defect which allegedly caused Plaintiff's decedent to fall and suffer injury, therefore, Plaintiff is not entitled to any recovery against AT&T.

## EIGHTH DEFENSE

AT&T shows that Plaintiff's decedent was negligent at the time and place of the occurrence which forms the basis of her Complaint and that his negligence equals or exceeds any negligence alleged by Plaintiff against AT&T and, accordingly, Plaintiff is not entitled to any recovery against AT&T.

## NINTH DEFENSE

AT&T shows that, at all times relevant to this litigation, it and its employees, agents and representatives were in the exercise of the required legal degree of care and, therefore, Plaintiff is not entitled to recover of AT&T in any amount whatsoever.

## TENTH DEFENSE

AT&T denies it was negligent to the extent required by law in order to impose liability upon it for the alleged injuries of Plaintiff's decedent and, therefore, AT&T denies that Plaintiff is entitled to recover of it in any amount whatsoever.

## ELEVENTH DEFENSE

No act of AT&T either caused or contributed to the Plaintiff's alleged injuries or damages.

## TWELFTH DEFENSE

Plaintiff's cause of action is barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE

AT&T denies it was negligent to the extent required by law in order to impose liability upon it for the alleged injuries of Plaintiff and, therefore, AT&T denies that Plaintiff is entitled to recover of it in any amount whatsoever.

## FOURTEENTH DEFENSE

If AT&T acted or failed to act as alleged in the Complaint, which AT&T specifically denies, there were separate intervening acts on the part of persons other than AT&T which were the sole proximate cause of the damages and injuries alleged.

## FIFTEENTH DEFENSE

Plaintiff's decedent's injuries were not foreseeable to AT&T, or any of its agent/employees, and are remote from acts or failures to act on the part of AT&T.

## SIXTEENTH DEFENSE

AT&T affirmatively pleads the doctrine of injury by a fellow servant.

## SEVENTEENTH DEFENSE

The Plaintiff's damages in this case are the results of acts or omissions of individuals or entities for whom AT&T is not responsible.

## EIGHTEENTH DEFENSE

AT&T reserves the right to plead other defenses that may become known through its continuing investigation and during discovery.

## NINTEENTH DEFENSE

Subject to and without waiving the foregoing defenses, AT&T responds to the averments contained in the numbered paragraphs of the Complaint as follows:

1.

AT&T is without information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 1 of the Complaint.

2.

AT&T is without information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 2 of the Complaint.

3.

AT&T admits the allegations contained in Paragraph 3 of the Complaint but shows that it is subject to the jurisdiction of the United States District Court for the Northern District of Georgia.

4.

AT&T incorporates by reference its responses to Paragraphs 1-3 of the Complaint as if fully restated herein.

5.

AT&T denies Paragraph 5 of the Complaint.

6.

AT&T is without information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 6 of the Complaint.

7.

AT&T denies Paragraph 7 of the Complaint.

8.

AT&T denies Paragraph 8 of the Complaint.

9.

AT&T denies Paragraph 9 of the Complaint.

10.

AT&T is without information or knowledge sufficient to allow it to admit or

deny the allegations of Paragraph 10 of the Complaint.

11.

AT&T is without information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 11 of the Complaint.

12.

AT&T incorporates by reference its responses to Paragraphs 1-11 of the Complaint as if fully restated herein.

13.

AT&T denies Paragraph 13 of the Complaint.

14.

AT&T denies Paragraph 14 of the Complaint.

15.

AT&T denies Paragraph 15 of the Complaint.

16.

AT&T incorporates by reference its responses to Paragraphs 1-15 of the Complaint as if fully restated herein.

17.

AT&T is without information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 17 of the Complaint.

18.

AT&T denies Paragraph 18 of the Complaint.

19.

AT&T is without information or knowledge sufficient to allow it to admit or deny the allegations of Paragraph 19 of the Complaint.

20.

AT&T denies Paragraph 20 of the Complaint.

21.

AT&T denies the unnumbered paragraph of the Complaint beginning with the word "WHEREFORE".

22.

Except where an allegation has been expressly admitted, all other allegations of the Complaint are denied.

## DEMAND FOR JURY TRIAL

AT&T demands a trial by jury with respect to all issues so triable.

**WHEREFORE,** having fully answered the Complaint, AT&T prays that the Complaint be dismissed with all costs taxed to the Plaintiff, and that AT&T have such other relief that this Honorable Court deems just and proper.

Signature on following page

This 16th day of March 2006.

_W. Ottowell_

W. KERRY HOWELL
Ga. Bar No. 372688
ATTORNEY FOR AT&T CORP.

LUMLEY & HOWELL, LLP
350 Second Street
Macon, Georgia 31201
(478) 745-0111
fax (478) 745-0020
wkhowell_law@bellsouth.net

## CERTIFICATE OF SERVICE

I, W. KERRY HOWELL, hereby certify that I have this day served the foregoing Defensive Pleadings upon counsel of record by placing copy of same in the United States Mail with adequate postage affixed to assure delivery, or by hand delivery to:

Mr. Harvey Gray
Mr. Todd M. Yates
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
181 14th Street, N.E.
Atlanta, GA 30309

Daniel H. Streckert
Goldberg, Weisman & Cairo, LTD.
One East Whacker Drive, Suite 3400
Chicago, Illinois 60601
ATTORNEY FOR PLAINTIFF

This 16th day of March, 2006.

W. KERRY HOWELL