## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **LESLIE KRUEGER-SOUCINEK,** individually **And as biological mother and personal Representative of the Estate of JOSHUA THOMAS KRUEGER Deceased,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| -vs- | ) ) | **CIVIL ACTION FILE NO.** **1: 06-CV-0637 GET** |
| **AT&T      CORP.** | ) ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW Plaintiff, Leslie Krueger-Soucinek, individually and as mother and personal representative of the Estate of Joshua Thomas Krueger, Deceased, and hereby replies to Defendant AT&T's (hereinafter "AT&T") response to Plaintiff's motion for voluntary dismissal without prejudice as follows:

INTRODUCTION

AT&T has responded to the Plaintiff's motion for voluntary dismissal without prejudice claiming that it will be prejudiced by the dismissal of this action because the Plaintiff's purpose in requesting a dismissal is based upon her attempt to "forum shop" by filing the same suit in another forum and to destroy diversity jurisdiction. As the affidavit of Plaintiff's counsel establishes, however, the purpose for seeking a dismissal in this action is based upon the fact that the firm which currently represents the Plaintiff, Gray, Rust, St. Amand, Moffett & Brieske, LLP, also represents the insurer for several of the defendants in a related action filed in the Superior Court of Gwinnett County.

On March 17, 2006 counsel for the Plaintiff, Todd M. Yates, called counsel for AT&T, W. Kerry Howell, and informed him that the firm of Gray Rust had been retained by out of state counsel to file the action in Gwinnett County and this instant action which was filed against AT&T in Fulton County. (Yates Aff. ¶ 3). At the time these actions were filed, Gray Rust did not know the identity of any of the insurers for the defendants. (Yates Aff. ¶ 3). After the actions were filed and service on the defendants was achieved, Gray Rust discovered that several of the defendants named in the Gwinnett County action were insured by one of the firm's

clients. (Yates Aff. ¶ 3). Accordingly, Gray Rust made the decision to voluntarily dismiss these actions so that out of state counsel could have sufficient time to retain another local firm to pursue both of these matters. (Yates Aff. ¶ 3). Mr. Yates told Mr. Howell that the Gwinnett County action was going to be dismissed without prejudice and in fact, the action was filed "Dismissed Without Prejudice" on March 20, 2006. (Yates Aff. ¶ 4). Mr. Yates also told Mr. Howell that he believed that out of state counsel possibly wanted to consolidate both actions into one lawsuit but that was a matter for him to decide in that the firm of Gray Rust had made the decision to get out of these two cases due to the fact that the firm represents the insurer for several of the defendants named in the Gwinnett County action. (Yates Aff. ¶ 5). Mr. Howell advised Mr. Yates, however, that AT&T would not consent to be dismissed in this action just to be named as a defendant in another action. (Yates Aff. ¶ 7).

## ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules of Civil Procedure permit a plaintiff to dismiss an action voluntarily only "upon order of the court and upon such terms and conditions as the court deems proper" after the defendant has filed an answer to the complaint, unless there is a stipulation signed by all parties to the action. FRCP 41(a)(2). "In

most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." It is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986); Holiday Queen Land Corp v. Baker, 489 F.2d 1031 (5th Cir. 1974); Standard National Insurance, Co. v. Bayless, 272 F.2d 185 (5th Cir. 1959). The crucial question to be determined is whether the defendant will lose any substantial right by the dismissal. Pontemberg v. Boston Scientific, Corp., 252 F.3d 1255 (11th Cir. 2001).

In the instant action, AT&T claims that it will be prejudiced if the action is dismissed without prejudice because the Plaintiff seeks to join it as a defendant in a state action and destroy diversity. As stated previously, the state action has already been dismissed for the simple reason that the firm of Gray Rust has chosen not to represent the Plaintiff due to the fact that it represents the insurer for several of the defendants. Additionally, out of state counsel needs sufficient time to locate local counsel who can pursue these actions. Accordingly, there is no tactical intent of "forum shopping" sought to be gained by the Plaintiff by requesting that this action be dismissed without prejudice. In any event, it is well settled that a tactical

advantage gained by the plaintiff in dismissing the action is not a bar to obtaining a voluntary dismissal.

Furthermore, AT&T has not shown that it would suffer the loss of some "substantial right" by allowing this action to be dismissed. First, being named as a defendant in a future action is not a recognizable legal prejudice. Additionally, although AT&T claims that diversity may be destroyed, it appears that this would not be the case. In this regard, the Plaintiff is a citizen of Iowa and all the defendants named in the dismissed Gwinnett County action appear to be diverse. Thus, even if out of state counsel chooses to refile this action and consolidate all defendants, diversity would still exist.

Under such circumstances, the Plaintiff respectfully requests this Court to dismiss this action, without prejudice.

Dated this 19th day of April, 2006.

_____
Harvey S. Gray
Georgia State Bar No.: 305838


_____
Todd M. Yates
Georgia State Bar No.: 780360
Attorneys for Plaintiff

**GRAY, RUST, ST. AMAND, MOFFETT &
BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376
(404) 870-7372
(404)870-7374
hgray@grsmb.com
tyates@grsmb.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LESLIE KRUEGER-SOUCINEK,      )
individuallyAnd as biological mother )
and personal Representative of the )
Estate of JOSHUA THOMAS )
KRUEGER Deceased, )
               )
        Plaintiff, )
               )
   -vs-              )    **CIVIL ACTION FILE NO.**
               )    **1: 06-CV-0637 GET**
AT&T     CORP.      )
               )
        Defendant. )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Voluntary Dismissal, Without Prejudice** upon all counsel of record by electronically filing as well as depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

W. Kerry Howell
Lumley & Howell
350 Second Street
Macon, GA  31201

This 19th day of April, 2006.

_____

Harvey S. Gray
Georgia State Bar No.: 305838
Attorneys for Plaintiff

**GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376
(404) 870-7372
(404)870-7374
hgray@grsmb.com
tyates@grsmb.com

I:\501\39-krueger\Reply Brief.doc