```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

LESLIE KRUEGER-SOUCINEK,
individually and as biological
mother and personal
representative of the Estate
of Joshua Thomas Krueger,
deceased,

      Plaintiff,

v.

AT&T CORP.,

      Defendant.

CIVIL ACTION
NO. 1:06-cv-0637-GET

FILED IN CLERK'S OFFICE
U.S.D.C. - ATLANTA

APR 2 8 2006

LUTHER D. THOMAS, CLERK
By: _____
Deputy Clerk

## O R D E R

The above-styled matter is presently before the court on plaintiff's motion to voluntarily dismiss without prejudice [docket no. 4].

On February 9, 2006, plaintiff filed this wrongful death action in the Superior Court of Fulton County, Georgia against AT&T Corp. arising from an accident that occurred during the erection and construction of certain equipment on defendant's telecommunications tower. Plaintiff's decedent, Joshua Thomas Krueger, was employed by Horizon PEO, Inc. and had been assigned to this project. On March 17, 2006, defendant removed the action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant's answer was filed the same day.

On April 19, 2006, plaintiff filed a motion for voluntarily dismissal without prejudice of the action pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant objects to the dismissal, arguing that plaintiff may intend to join it as a defendant in a different State court action pending in Gwinnett County, Georgia.

Federal Rule of Civil Procedure 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action shall not be dismissed at the plaintiff's instance save upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit as a result." McCants v Ford Motor Co., Inc., 781 F2d 855, 856 (11th Cir. 1986).

According to plaintiff's counsel, the state court action has been dismissed due to a conflict that arose based on plaintiff's counsel's representation of one of the state court defendants' insurers. The dismissal of the instant action is sought to allow plaintiff to retain counsel to pursue both matters.

Having considered the arguments of the parties, the court finds that defendant would suffer no legal prejudice by permitting plaintiff to dismiss this action. Therefore, plaintiff's motion to voluntarily dismiss without prejudice [docket no. 4] is GRANTED.

Summary

Plaintiff's motion to voluntarily dismiss without prejudice [docket no. 4] is **GRANTED**.

**SO ORDERED**, this 28 day of April, 2006.

_____
G. ERNEST TIDWELL, JUDGE
UNITED STATES DISTRICT JUDGE